IN THE UNITED STATES DISCTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brian Mello, Jr., *Individually and on Behalf of All Others Similarly Situated*,<br><br>Plaintiff,<br><br>vs.<br><br>M B Pizza, LLC,<br><br>Defendant. | Civil Action No. 4:22-cv-01311-RBH |

**JOINT MOTION TO APPROVE SETTLEMENT
AND DISMISS CASE WITH PREJUDICE**

Plaintiff Brian Mello, Jr. ("Plaintiff") and Defendant M B Pizza, LLC ("Defendant"), by and through their respective undersigned counsel and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, hereby submit this Joint Motion to Approve Settlement and Dismiss Case With Prejudice. In support of this Joint Motion, the Parties respectfully state as follows:

1.  Plaintiff has asserted claims against Defendant alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA") and South Carolina Payment of Wages Act ("SCPWA"). (*See* ECF No. 9 (Plaintiff's First Amended and Substituted Complaint – Collective Action)). Specifically, Plaintiff asserts that Defendant did not pay him and other allegedly similarly situated workers legally required minimum and overtime wages.

2.  Defendant denies that it failed to pay Plaintiff any legally required wages or that it otherwise violated the FLSA or SCPWA as to Plaintiff or other allegedly similarly situated workers he seeks to represent. Defendant has asserted various defenses in its Answer to Plaintiff's First Amended and Substituted Complaint – Collective Action (*see* ECF No. 17), including (among others) that (1) Plaintiff was at all relevant times paid all wages due under the FLSA and SCPWA;

(2) Defendant, at all times, acted in good faith to comply with the FLSA and SCPWA, and with a lack of willfulness or intent to violate the FLSA; (3) that Plaintiff's claims were barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §259; and (4) Plaintiff's claims, including claims to liquidated damages, are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260. Defendant also expressly denied that Plaintiff is similarly situated to the other persons whom he seeks to represent under the requirements for a collective action pursuant to Section 216(b) of the FLSA.

3. Notwithstanding the Parties' disagreement over the merits of Plaintiff's allegations, the Parties engaged in settlement discussions through their respective counsel. In engaging in these settlement discussions, Defendant produced information to Plaintiff relating to Plaintiff's weekly gross pay, regular and delivery hours worked, overtime hours and pay, mileage reimbursement amounts, and total miles submitted for reimbursement. After reviewing this data, which allowed both Parties the opportunity to assess and calculate the potential damages in this case, the Parties were able to reach a resolution.

4. The Parties' counsel each respectively has significant experience litigating FLSA collective action cases. In an effort to resolve Plaintiff's claims without incurring additional fees and expenses, and without admitting any liability, the Parties reached a settlement on March 27, 2023, whereby Plaintiff agreed to release any and all claims arising out of his employment that were asserted, or that could have been asserted in the litigation related to his compensation with the Company, including all claims arising under federal and state law. Based on this settlement, Plaintiff has agreed to dismiss his lawsuit with prejudice.

5. The Parties have prepared and executed a written Settlement and Release Agreement ("Settlement Agreement") that memorializes the terms of their settlement, which is

contingent upon approval of the Court. The Parties have agreed to keep the terms of their Settlement Agreement confidential. A copy of the Settlement Agreement is being submitted for *in camera* review.

6.   Pursuant to the Fair Labor Standards Act ("FLSA"), claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id*.

7.   As discussed above, whether Plaintiff is entitled to compensation or damages for his alleged claims is vigorously disputed by the Parties. The Parties have agreed to settle this dispute through the execution of a Settlement Agreement and to stipulate to the dismissal of the action with prejudice. While Defendant does not admit liability or wrongdoing, the Parties agree that the terms of their Settlement Agreement represent a fair and equitable resolution of their bona fide dispute and a full and final settlement of Plaintiff's lawsuit.

8.   Plaintiff is receiving an amount in excess of his calculated lost wages for alleged under-reimbursement as calculated by Plaintiff's counsel. To determine Plaintiff's damages, Plaintiff's counsel compared the rate at which Plaintiff was actually reimbursed for miles with the IRS standard reimbursement rate, which on average resulted in 12 cents of adjustment per mile driven.

9.   The Parties' settlement also contains a component of attorneys' fees and costs. To the extent the Court wishes to determine the reasonableness of these fees and costs, Plaintiff's counsel aver that they are reasonable. Plaintiff's counsel have billed over $7,500.00 in fees and

costs to this matter, at a blended rate of $236.25. The fees amount set forth in the Settlement Agreement is a reasonable settlement of these fees and costs.

10. Counsel for the Parties have analyzed the claims and issues herein, and certify that the settlement is fair, reasonable, and adequate based on the risks of loss each party faces in light of the existing law and any reasonable arguments for extension thereof. Thus, the Parties respectfully request that the Court approve the settlement and issue an Order dismissing this action with prejudice, but retaining jurisdiction, as necessary, to enforce the Settlement Agreement entered into by the Parties.

11. Plaintiff has not sought conditional certification of a collective action pursuant to Section 216(b) of the FLSA. The Parties' Settlement Agreement resolves Plaintiff's individual claims and will not affect the rights of any other individuals.

12. The Parties have agreed to keep the specific terms and conditions of the Settlement Agreement confidential and, accordingly, would prefer that the actual agreement not appear on the docket as a public record. To that end, a copy of the Settlement Agreement is being emailed directly to Chambers for this Court's confidential review. The Parties respectfully request this Court conduct a confidential *in camera* review.

13. In accordance with the applicable requirements for settling an FLSA claim, the Parties hereby seek the Court's approval of the settlement they reached in this matter, and stipulate to the dismissal of this action with prejudice.

WHEREFORE, the Parties respectfully request that this Court enter an Order approving the terms of the Parties' Settlement Agreement, dismissing this action in its entirety with prejudice, and retaining jurisdiction, as necessary, to enforce the settlement. A Proposed Order is being contemporaneously submitted for the Court's consideration.

Respectfully submitted this 31st day of May, 2023.

| | |
|---|---|
| **THE LAW OFFICES OF JASON E. TAYLOR** | **LITTLER MENDELSON, PC** |
| By: *s/ Jacob J. Modla* <br> Jacob J. Modla, Federal Bar No. 12639 <br> CROMER BABB PORTER AND HICKS <br> 115 Elk Avenue <br> Rock Hill, SC 29730 <br> jake@cbphlaw.com <br><br> *Attorneys for Plaintiff* | By: s/ *Katie E. Towery* <br> Katie E. Towery, Federal Bar No. 12861 <br> Joshua C. Vaughn, *admitted pro hac vice* <br> LITTLER MENDELSON P.C. <br> 110 E. Court Street, Suite 201 <br> Greenville, SC 29601 <br> Telephone: 864-775-3190 <br> ktowery@littler.com <br> jvaughn@littler.com <br><br> *Attorneys for Defendant* |