# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Brian Mello, Jr., *Individually and on Behalf of All Others Similarly Situated*,<br><br>Plaintiff,<br><br>vs.<br><br>M B Pizza, LLC,<br><br>Defendant. | Civil Action No. 4:22-cv-01311-RBH<br><br>**ORDER APPROVING SETTLEMENT AGREEMENT UNDER THE FLSA** |

This matter comes before the Court by way of a Joint Motion for Settlement Approval. ECF No. 27. The attorneys for the parties jointly request approval of the Settlement and Release Agreement reached between Plaintiff Brian Mello, Jr. and Defendant M B Pizza, LLC. In the Amended Complaint, Plaintiff alleges causes of action for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et seq.* against the Defendant. The Defendant denies the allegations.

No motion for conditional certification or class certification was ever filed, therefore, this motion relates only to the claims of the individual Plaintiff Brian Mello. The parties reached a settlement agreement and believe the settlement reached and agreed upon is a fair and reasonable settlement, given the uncertainty as to liability and the estimated future costs of litigation.[1]

---

[1] A copy of the parties' settlement agreement was e-mailed to the court's chambers for review *in camera*. The parties desire to maintain a confidential settlement agreement. While the parties have not filed the agreement with the court, they do seek the court's *in camera* review and approval of the confidential settlement pursuant to *Taylor v. Progress Energy, Inc.*, 415 F.3d 364 (4th Cir. 2005). The court's review of the settlement and subsequent dismissal does not fall within the purview of Local Rule 5.03(e). This agreement does not involve "court enforced secrecy" since the penalty for disclosure is not contempt of court. As Judge Anderson noted, "Rule 5.03 addresses court ordered secrecy, i.e. a settlement whereby the parties consent to an order of the court directing that the settlement, the court documents, or whatever else the parties agree upon, remain secret. It is one thing to say that the parties have the right, as they do, to agree upon secrecy inter se; it is quite another to suggest that there is some legal right to force a judge to sign an order requiring that the parties 'hush up' on pain of contempt of court." Joseph F. Anderson, Jr., Hidden from the Public by Order of the Court: The Case Against Government-Enforced Secrecy, 55

The settlement of FLSA claims outside the context of Department of Labor supervised settlements requires court approval. Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982); *Clark v. Ecolab Inc.*, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

After due consideration and inquiry into the circumstances surrounding the proposed settlement of Plaintiff's FLSA claim against Defendants, and review of the Settlement and Release Agreement,[2] I find and conclude that the proposed settlement in this case meets the standard for approval as it reflects a reasonable compromise of a bona fide dispute. I find and conclude that the proposed settlement is just and reasonable and in the best interest of the parties. I further find the settlement to have been reached in good faith. Therefore, based upon the parties' joint motion to approve the settlement and after review of the settlement agreement, the court GRANTS the parties' joint motion and approves the settlement agreement as requested by the parties. The Court, in its discretion, declines to retain jurisdiction of this case to enforce the settlement.

Accordingly, IT IS SO ORDERED that the terms of the settlement in this case are approved and this action is DISMISSED with prejudice.

June 2, 2023                                                   s/R. Bryan Harwell
Florence, South Carolina                                R. Bryan Harwell
                                                                      Chief United States District Judge

---

S.C. L. Rev. 711, 727 (2004). In contrast, this dismissal order does not order the parties to keep silent. Rather, the parties have agreed among themselves not to disclose the terms.

[2] The Settlement Agreement has been signed by the parties.